IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SARAH L. FINNEMORE,  )<br>  )<br>     Plaintiff,  )<br>  )<br>v.  )  CIVIL ACTION NO.: 1:23-cv-253<br>  )<br>ERIE BW WINGS, INC. and  )<br>NORTHERN LAKE PROPERTIES,  )<br>LLC,  )<br>  )  JURY TRIAL DEMANDED<br>     Defendants.  ) | |

## COMPLAINT

The plaintiff, by and through her attorneys, Fessenden Laumer & DeAngelo, PLLC, complaining of the defendants, alleges as follows:

PARTIES

1. The plaintiff, Sarah L. Finnemore, is an adult individual who resides in Allegany County, New York, and is a citizen of the State of New York.

2. The defendant Erie BW Wings, Inc. is a business corporation organized and existing under the laws of the State of Ohio, and registered and authorized to do business in the Commonwealth of Pennsylvania as a foreign corporation with its principal offices located at 2099 Interchange Road, Erie, Pennsylvania.

3. The defendant Northern Lake Properties, LLC is a business corporation organized and existing under the laws of the State of Indiana, and registered and authorized to do business

in the Commonwealth of Pennsylvania as a foreign corporation, with its registered CT Corporation in Philadelphia, Pennsylvania as its registered agent.

4. At the time of the incident complained of herein, the defendants owned, leased, managed, and/or operated a restaurant known as Buffalo Wild Wings located at 2099 Interchange Road, in Erie, Pennsylvania (hereinafter "the premises").

## JURISDICTION AND VENUE

7. This action arises under the laws of the Commonwealth of Pennsylvania and is within the subject matter jurisdiction of the Court of Common Pleas of Erie County, Pennsylvania. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1332(a), as there is complete diversity of citizenship between the parties and the amount in controversy is in excess of Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs.

8. Venue of this action in the Western District of Pennsylvania is proper pursuant to 28 U.S.C. §1391(b)(2) as the events giving rise to this action took place within Erie County, Pennsylvania, and the defendants regularly conduct business, including the business activity that gives rise to the cause of action herein, in Erie, Pennsylvania.

## FACTUAL BACKGROUND

9. On or about the late evening hours of December 10 and early morning hours of December 11, 2022, the plaintiff was lawfully and properly a customer at the Buffalo Wild Wings restaurant at 2099 Interchange Road in Erie, Pennsylvania.

10. At the above described location, date, and time, the plaintiff was injured when she was caused to lose her balance and fall due to a slippery condition on the floor of the restaurant as she walked toward the restrooms.

11. As a result of this incident, the plaintiff has suffered serious injuries, including, but not limited to:

    a. bilateral knee injuries, including sprain and strain of ligaments;

    b. pain and contusions; and

    c. all sequela, known and unknown, of the above.

12. As a result of this incident, and the acts and omissions of the defendants, the plaintiff has sustained damages, including but not limited to:

    a. costs for past medical care and future medical care and treatment in an amount to be determined;

    b. past and future pain and suffering;

    c. past and future loss of enjoyment and pleasure of life;

    d. embarrassment and inconvenience; and

    e. other losses, the full extent of which remain unknown.

13. At all times herein relevant, the defendants were responsible for supervision of the Buffalo Wild Wings restaurant described above, and under a duty to maintain the premises in a reasonably safe condition.

## COUNT I
## NEGLIGENCE

14. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 11 as if set forth at length herein.

15. At all times herein mentioned and relevant, the defendants had under their care, supervision, control, maintenance, and/or were responsible for the condition of the above described premises.

16. On December 10 and 11, 2022, as set forth above, the plaintiff was at the restaurant with friends. When she attempted to walk from her table to the restrooms, she was caused to slip and fall on an area of the floor that was covered with a liquid substance.

17. Upon information and belief, the substance on the floor had been there for a long enough period of time that it should have been observed and cleaned up by restaurant staff. The plaintiff also believes that a restaurant employee named "Rayven" was specifically aware of the substance and failed to in any way remedy the condition.

18. The defendants, through their employees, agents, and servants, failed to keep the premises in a reasonably safe condition, allowed a dangerous condition to exist and remain for an unreasonably long period of time, and failed to warn restaurant customers of the existence of the dangerous condition.

19. The injuries the plaintiff sustained as a result of the above-described incident were caused by the negligence, carelessness, want of care, and recklessness of the defendants, their respective agents, servants, and/or employees, including, but not limited to:

   a. failing to use due care and reasonable skill in the performance of their duties and in their duty of care toward the plaintiff;

   b. failing to exercise the judgment, care, and skill of reasonable persons under similar circumstances;

   c. creating an unsafe, unsuitable, and dangerous condition;

  d. failing to maintain the premises in a safe condition;

  e. failing to warn the plaintiff of the dangerous condition;

  f. failing to correct, remedy, repair, and/or eliminate the dangerous condition;

  i. otherwise conducting themselves in a negligent, careless, and reckless manner.

### PLAINTIFF'S DEMAND FOR JURY TRIAL

19. Plaintiff asserts her rights under the Seventh Amendment to the U.S. Constitution and demands, in accordance with Federal Rule of Civil Procedure 38, a trial by jury of all issues.

WHEREFORE, the plaintiff demands judgment and damages in her favor on each count in an amount in excess of the limits of compulsory arbitration, including punitive damages, and such other relief as the Court may deem proper and just.

Dated: June 14, 20235

        FESSENDEN LAUMER & DeANGELO, PLLC

        */s/ Mary B. Schiller*

By: Mary B. Schiller, Esq.
   *Attorneys for Plaintiff*
   PA ID #52502
   81 Forest Avenue, P.O. Box 590
   Jamestown, New York 14702-0590
   (716) 484-1010
   mschiller@fldlaw.com